1  G. Peter Albert, Jr. (Bar No. 211248)
   **FOLEY & LARDNER LLP**
2  ATTORNEYS AT LAW

3  11250 EL CAMINO REAL
   SUITE 200
   SAN DIEGO, CA 92130
4  PHONE: 858-847-6700
   FAX: 858-792-6773

5  1530 PAGE MILL ROAD
   PALO ALTO, CA 94304
6  PHONE: 650-856-3700
   FAX: 650-856-3710

7  ATTORNEYS FOR DEFENDANT LAING THERMOTECH, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRUNDFOS PUMPS MANUFACTURING CORPORATION, | CASE NO. 07-4033 |
| Plaintiff, | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| vs. | |
| LAING THERMOTECH, INC., | |
| Defendant. | |

Defendant, Laing Thermotech, Inc. ("Laing"), by and through its attorneys, Foley & Lardner, LLP, hereby submits its answer, affirmative defenses, and counterclaims to Plaintiff Grundfos Pumps Manufacturing Corporation's ("Grundfos") Complaint.

1.  Plaintiff Grundfos is a corporation organized and existing under the laws of the state of California, with its principal place of business in Fresno, California.

**ANSWER:** Laing lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, which allegations are therefore denied.

2.  Defendant Laing is a corporation organized and existing under the laws of the state of California, with its principal place of business in Chula Vista, California.

**ANSWER:** Laing admits that it is organized under the laws of California and that

1

1  it has a principal place of business in Chula Vista, California.

3.    Based on information and belief, Grundfos alleges that Laing is doing business in California and in this district.

**ANSWER:** Laing admits that it is doing business in California and in this district.

4.    This is an action for patent infringement.  The claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 et seq.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**  Laing admits that this action is purportedly one for patent infringement arising under the laws of the United States, 35 U.S.C. §§1 et seq.  While Laing does not contest jurisdiction, the remaining allegations of this Paragraph are legal conclusions to which no answer is required or made.

5.    Venue is proper in this district under 28 U.S.C. §§1391(b) and (c), and 1400(b), as Laing resides and/or conducts substantial business in this district and has committed, and is continuing to commit, acts of infringement in this district.

**ANSWER:**  Laing admits that it conducts business in this district.  The allegations of this Paragraph are legal conclusions to which no answer is required or made.  Laing denies the remaining allegations in this Paragraph.

6.    This action arises out of Laing's infringement of two (2) patents assigned to Grundfos.

**ANSWER:** Laing admits that Grundfos purports to assert two patents as the basis for its claim.  Laing denies the remaining allegations in this Paragraph.

7.    On July 11, 2006, United States Patent No. 7,073,528 (the "'528 patent"), entitled "Water Pump and Thermostatically Controlled Bypass Valve," was duly and legally issued to Grundfos as assignee of the inventors, Dale Kempf and Ken Lum.  A true and correct copy of the '528 patent is attached hereto as Exhibit 1.

**ANSWER:**  Laing admits that what purports to be a copy of United States Patent No. 7,073,528, entitled "Water Pump and Thermostatically Controlled Bypass Valve" ("the '528 patent") is attached as Exhibit 1 to the Complaint.  Laing admits that Exhibit 1

2

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS
CASE NO. 07-4033

1  indicates it was issued on July 11, 2006, and . Laing further admits that Dale Kempf and
2  Ken Lum are identified as the inventors and that Grundfos is listed as the assignee on the
3  face of Exhibit 1. Laing denies the remaining allegations in this Paragraph.

4      8.    On March 25, 2003, United States Patent No. 6,536,464 (the "'464
5  patent"), entitled "Thermostatically Controlled Bypass Valve and Water Circulating
6  System for Same," was duly and legally issued to Grundfos as assignee of the inventor,
   Ken Lum, Dale Kempf, and Keith Harris. A true and correct copy of the '464 patent is
7  attached hereto as Exhibit 2.

8    **ANSWER:**  Laing admits that what purports to be a copy of United States Patent
9  No. 6,536,464, entitled "Thermostatically Controlled Bypass Valve and Water
10 Circulating System for Same," ("the '464 patent") is attached as Exhibit 2 to the
11 Complaint. Laing admits Exhibit 2 indicates it was issued on March 25, 2003. Laing
12 further admits that Ken Lum, Dale Kempf, and Keith Harris are identified as the
13 inventors and that Grundfos is listed as the assignee on the face of Exhibit 2. Laing
14 denies the remaining allegations in this Paragraph.

15
16    9.    The patents described in paragraphs 7 and 8 above, copies of which are
   attached hereto as Exhibits 1 and 2, are referred to collectively herein as the "patents-in-
17 suit." The patents-in-suit relate generally to water control valves and pumps for use in
   home or industrial water distribution systems that supply water to various fixtures at
18 different temperatures through different pipe systems. More specifically, the patented
   technology relates to such water control valves that are adaptable for use with a pump
19 and bypass valve so as to bypass cold or tepid water away from the associated fixture
20 until it reaches the desired temperature.

21    **ANSWER:**  Laing admits that Grundfos has defined the '528 patent and the '464
22 patent, collectively, as the "patents-in-suit." Laing admits that what purport to be copies
23 of the patents-in-suit are attached to the Complaint as Exhibits 1 and 2. Laing admits that
24 Grundfos has attempted to generally describe the patents-in-suit but denies the remaining
25 allegations in this Paragraph.

26
27    10.    In accordance with the requirements of 35 U.S.C. §287, Grundfos has
   marked those products which incorporate the inventions covered by one or both of the
28 patents-in-suit with the appropriate United States Patent Number(s).

3

**ANSWER:** Laing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, which allegations are therefore denied.

11. Upon information and belief, Laing had, prior to receipt of this complaint, actual and constructive knowledge of the '528 patent and/or the '464 patent.

**ANSWER**: Laing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, which allegations are therefore denied.

12. On information and belief, Laing manufactures, sells and offers for sale in the United States products incorporating a water pump and bypass valve combination, and provides installation and operating instructions to purchasers of such products.

**ANSWER:** Laing admits that it manufactures, offers for sale, and sells a product incorporating, among other things, a water pump and bypass valve. Laing also admits that it provides installation and operating instructions with such products. Laing denies the remaining allegations in this Paragraph.

13. On information and belief, purchasers of Laing products incorporating a water pump and bypass valve combination have installed and operated such products in the United States after the dates the patents-in-suit issued in accordance with the instructions provided by Laing.

**ANSWER:** Laing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which allegations are therefore denied.

14. Laing competes with Grundfos. Upon information and belief, Laing advertises and sells products incorporating a water pump and bypass valve combination throughout the United States, including the state of California, and the Northern District of California.

**ANSWER:** Laing admits that it advertises and sells products incorporating, among other things, a water pump and bypass valve in the United States, California, and this district. Laing denies the remaining allegations in this Paragraph.

15. Laing is not licensed or otherwise authorized by Grundfos to make, use, sell or offer for sale products covered by any claims of the patents-in-suit.

**ANSWER:** Laing admits that it has not entered into a license agreement or any other agreement with Grundfos. Laing denies the remaining allegations in this Paragraph.

### FIRST CAUSE OF ACTION: PATENT INFRINGEMENT

16. Grundfos refers to and incorporates paragraphs 1 through 11 inclusive, as though fully set forth herein.

**ANSWER:** Laing restates and realleges Paragraphs 1 through 11 of its Answer.

17. On information and belief, Grundfos alleges that Laing has been and is infringing, literally and/or under the doctrine of equivalents, one or more claims of each of the patents-in-suit - directly and/or indirectly pursuant to 35 U.S.C. §271(a), (b), and/or (c).

**ANSWER:** Laing denies the allegations of this Paragraph.

18. On information and belief, Grundfos alleges that Laing's infringement of the patents-in-suit has been and continues to be willful.

**ANSWER:** Laing denies the allegations of this Paragraph.

19. Laing threatens to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Grundfos' irreparable damage.

**ANSWER:** Laing denies the allegations of this Paragraph.

20. By reason of Laing's acts alleged herein, Grundfos has suffered, is suffering, and - unless such acts are enjoined by the Court - will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. §284 in an amount to be proved at trial.

**ANSWER:** Laing denies the allegations of this Paragraph.

21. By reason of Laing's acts alleged herein, Grundfos has suffered, is suffering, and – unless such acts are enjoined by the Court - will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Grundfos is entitled to permanent injunctive relief pursuant to 35 U.S.C. §283.

**ANSWER:** Laing denies the allegations of this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement Of The '528 Patent)

Grundfos' claims are barred, in whole or in part, because Laing does not infringe the '528 patent.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement Of The '464 Patent)

Grundfos' claims are barred, in whole or in part, because Laing does not infringe the '464 patent.

### THIRD AFFIRMATIVE DEFENSE

### (Unenforceability of the '528 patent)

The '528 patent is unenforceable, for reasons set forth in the Counterclaim which follows, due to inequitable conduct committed during the prosecution of the '528 patent before the United States Patent and Trademark Office.

### FOURTH AFFIRMATIVE DEFENSE

### (Unenforceability of the '464 patent)

The '464 patent is unenforceable, for reasons set forth in the Counterclaim which follows, due to inequitable conduct committed during the prosecution of the '464 patent before the United States Patent and Trademark Office.

### FIFTH AFFIRMATIVE DEFENSE

### (Invalidity Of The '528 Patent)

Grundfos' claims are barred, in whole or in part, because the claims of the '528 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.  In particular, the '528 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology (as described in the Counterclaims which

follow) as well as U.S. Patent No. 2,842,155.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity Of The '464 Patent)

Grundfos' claims are barred, in whole or in part, because the claims of the '464 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112. In particular, the '464 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology (as described in the Counterclaims which follow) as well as U.S. Patent No. 2,842,155.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses Based On Later Discovered Evidence)

Laing reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Laing prays for entry of judgment:

A.   That Grundfos' Complaint be dismissed in its entirety, and that Grundfos take nothing thereby;

B.   That Laing be awarded its costs incurred herein;

C.   That this case be declared exceptional, and that Laing be awarded its attorney's fees pursuant to 35 U.S.C. §285; and

D.   For such other and further relief as the Court determines to be reasonable and just.

## COUNTERCLAIMS

1. Laing Thermotech, Inc. ("Laing") is a California corporation doing business in this judicial district and has its principal place of business in Chula Vista, California.

2. Upon information and belief, Grundfos Pumps Manufacturing Corporation ("Grundfos") is a California corporation doing business in this judicial district, and has its principal place of business in Fresno, California.

3. This is a Counterclaim for a declaration of non-infringement, patent invalidity, and unenforceability under 28 U.S.C. § 2201.

4. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Grundfos.

6. Venue is proper within this district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### (NON-INFRINGEMENT OF THE '528 PATENT)

7. Laing incorporates and realleges Paragraphs 1 through 6 of this Counterclaim as Paragraph 7.

8. Grundfos has asserted and continues to assert that Laing infringes claims of U.S. Patent No. 7,073,528 ("the '528 patent").

9. An actual controversy exists between Laing and Grundfos with respect to whether certain Laing products infringe the '528 patent.

10. The accused Laing products do not infringe any valid and enforceable claim of the '528 patent either directly or indirectly. Laing therefore is entitled to a declaration

8

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS
CASE NO. 07-4033

CHIC_1628855.3

of the Court, pursuant to 28 U.S.C. §2201, that the accused Laing products do not infringe the '528 patent.

## COUNT II

### (NON-INFRINGEMENT OF THE '464 PATENT)

11. Laing incorporates and realleges paragraphs 1 through 10 of this Counterclaim as paragraph 11.

12. Grundfos has asserted and continues to assert that Laing infringes claims of U.S. Patent No. 6,536,464 ("the '464 patent").

13. An actual controversy exists between Laing and Grundfos with respect to whether certain Laing products infringe the '464 patent.

14. The accused Laing products do not infringe any valid and enforceable claim of the '464 patent either directly or indirectly. Laing therefore is entitled to a declaration of the Court, pursuant to 28 U.S.C. §2201, that the accused Laing products do not infringe the '464 patent.

## COUNT III

### (INEQUITABLE CONDUCT/ UNENFORCEABILITY OF THE '528 PATENT)

15. Laing incorporates and realleges paragraphs 1 through 14 of the Counterclaim as paragraph 15.

16. Applicants for U.S. Patents and their representatives before the U.S. Patent and Trademark Office are subject to a duty of candor, good faith, and honesty in their prosecution of patent applications.

17. Upon information and belief, Miller Energiesparsysteme is a German company with a principal place of business at Schwalbenstr. 32, D-71263 Weil der Stadt, Germany.

18. Upon information and belief, Miller Energiesparsysteme, among other things, designs and sells water distribution systems for supplying water to various fixtures at different temperatures through different pipe systems. These waters distribution systems incorporate a water pump and bypass valve

19. Upon information and belief, Grundfos is a wholly owned subsidiary of Grundfos Management A/S, Poul Due Jensens, Vej 7, 8850 Bjerringbro, Denmark.

20. Upon information and belief, Deutsche Vortex GmbH & Co. KG ("Vortex") is a German company with a principal place of business at Kästnerstr. 6, D-71642 Ludwigsburg, Germany.

21. Upon information and belief, Vortex is a Grundfos Management A/S owned national subsidiary company.

22. Upon information and belief, Vortex supplies, among other things pumps, to Miller Energiesparsysteme for use in Miller Energiesparsysteme's water distribution systems.

23. Upon information and belief, Bernhard Miller is the owner of Miller Energiesparsysteme.

24. Bernhard Miller is the inventor of certain water control valve and pump technology. This technology was conceived of and reduced to practice well before the filing date of the '528 patent or the '464 patent. This technology ("the Prior Art Miller

10
ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS
CASE NO. 07-4033

CHIC_1628855.3

Technology") was described and claimed, in part, in the following patent publications ("the Miller References"):

    A.    German Patent Publication No. DE 197 12 051 A1, filed March 22, 1997, and published on September 24, 1998.

    B.    German Patent Publication No. DE 297 18 257 U1, filed October 16, 1997, and published on July 23, 1998.

    C.    PCT Patent Publication No. WO 98/43143, filed March 23, 1998, claiming priority to DE 197 12 051 A1 and DE 297 18257 U1, published on October 1, 1998.

    D.    European Patent Publication No. EP 1 018 063 B1, EP national stage application based on WO 98/43143, published on July 12, 2000, issued as European Patent No. EP 1 018 063 B1.

    E.    Austrian Patent No. AT268020T T, issued on June 16, 2004.

    F.    German Patent No. DE 59811478D D1, issued on July 1, 2004.

25. Upon information and belief, Grundfos had knowledge of the Prior Art Miller Technology, as well as the Miller References during the prosecution of the '528 patent based on its relationship with Miller Energiesparsysteme through related company Vortex.

26. Once Grundfos became aware of the Miller References and the Miller Prior Art Technology, Grundfos was obligated to disclose those materials to the U.S. Patent and Trademark Office.

27. Grundfos failed to disclose the existence of the Miller References and the Miller Prior Art Technology to the U.S. Patent and Trademark Office during the prosecution of the '528 patent.

CHIC_1628855.3

28. Upon information and belief, Grundfos' failure to disclose the Miller References and the Miller Prior Art Technology to the U.S. Patent and Trademark Office was intentional.

29. The misrepresentations relating to Grundfos' failure to disclose the Miller References and the Miller Prior Art Technology to the U.S. Patent and Trademark Office were material.

30. Grundfos thus violated the duty of candor and good faith required by 37 C.F.R. § 1.56 and the '528 patent is unenforceable.

## COUNT IV
### (INEQUITABLE CONDUCT/ UNENFORCEABILITY OF THE '464 PATENT)

31. Laing incorporates and realleges paragraphs 1 through 30 of the Counterclaim as paragraph 31.

32. Applicants for U.S. Patents and their representatives before the U.S. Patent and Trademark Office are subject to a duty of candor, good faith, and honesty in their prosecution of patent applications.

33. Upon information and belief, Grundfos had knowledge of the Miller References and the Miller Prior Art Technology during the prosecution of the '464 patent based on its relationship with Miller Energiesparsysteme through related company Vortex.

34. Once Grundfos became aware of the Miller References and the Miller Prior Art Technology, Grundfos was obligated to disclose those materials to the U.S. Patent and Trademark Office.

12

35. Grundfos failed to disclose the existence of the Miller References and the Miller Prior Art Technology to the U.S. Patent and Trademark Office during the prosecution of the '464 patent.

36. Upon information and belief, Grundfos' failure to disclose the Miller References and Miller Prior Art Technology to the U.S. Patent and Trademark Office was intentional.

37. The misrepresentations relating to Grundfos' failure to disclose the Miller References and the Miller Prior Art Technology to the U.S. Patent and Trademark Office were material.

38. Grundfos thus violated the duty of candor and good faith required by 37 C.F.R. § 1.56 and the '528 patent is unenforceable.

## COUNT V
### (INVALIDITY OF THE '528 PATENT)

39. Laing incorporates and realleges paragraphs 1 through 38 of the Counterclaim as paragraph 39

40. An actual controversy exists between Laing and Grundfos with respect to the validity of the '528 patent.

41. The '528 patent at issue, and more particularly the claims of the '528 patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in 35 U.S.C., including but not limited to Sections 102, 103, and/or 112. In particular, the '528 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology, as well as U.S. Patent No. 2,842,155. Laing is therefore entitled to a

CHIC_1628855.3

declaration of the Court, pursuant to 28 U.S.C. §2201, that the asserted claims of the '528 patent are invalid.

## COUNT VI
## (INVALIDITY OF THE '464 PATENT)

42. Laing incorporates and realleges Paragraphs 1 through 41 of the Counterclaim as Paragraph 42.

43. An actual controversy exists between Laing and Grundfos with respect to the validity of the '464 patent.

44. The '464 patent at issue, and more particularly the claims of the '464 patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in 35 U.S.C., including but not limited to Sections 102, 103, and/or 112. In particular, the '464 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology as well as U.S. Patent No. 2,842,155. . Laing is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. §2201, that the asserted claims of the '464 patent are invalid.

## JURY TRIAL DEMANDED

Laing demands a jury trial on all issues related to its counterclaims.

## LAING'S REQUEST FOR RELIEF

**WHEREFORE,** Laing prays that the Court:

G. Deny and dismiss Grundfos' Complaint with prejudice.

H. Declare that Laing has not infringed the '528 patent and/or that Laing is not liable for any alleged infringement of the '528 patent.

I. Declare that Laing has not infringed the '464 patent and/or that Laing is not liable for any alleged infringement of the '464 patent.

J.     Declare that the '528 patent is unenforceable.

K.    Declare that the '464 patent is unenforceable.

L.     Declare that the asserted claims of the '528 patent are invalid.

M.    Declare that the asserted claims of the '464 patent are invalid.

N.    Award Laing its attorneys' fees and costs of suit.

O.    Award Laing such other and further relief as the Court may deem just and appropriate.

DATED: September 27, 2007          LAING THERMOTECH, INC.

  /G. Peter Albert, Jr./
G. Peter Albert, Jr.
FOLEY & LARDNER LLP
11250 El Camino Real, Suite 200
San Diego, California 92130
858.847.6735 (Telephone)
858.792.6773 (Facsimile)

**ATTORNEYS FOR DEFENDANT LAING THERMOTECH, INC.**

# PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am and was at all times herein mentioned employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 11250 El Camino Real, Suite 200, San Diego, California 92130.

On September 27, 2007, I electronically served **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** on the interested parties in this action via the CM/ECF system addressed as follows:

| | |
|---|---|
| **Brian Christopher Bianco** | **Matthew Thomas Powers** |
| **McAndrews, Held & Malloy** | **Sidley Austin, LLP** |
| **500 West Madison Street, Suite 3400** | **555 California Street, Suite 5000** |
| **Chicago, IL 60661** | **San Francisco, CA 94104** |
| **Tel: (312) 775-8037/Fax: (312) 775-8100** | **Tel: (415) 772-1200/Fax:(415) 772-7400** |
| **bbianco@mcandrews-ip.com** | **mpowers@sidley.com** |

**Stephen Francis Sherry**
**McAndrews, Held & Malloy**
**500 West Madison Street, Suite 3400**
**Chicago, IL 60661**
**Tel: (312) 775-8037/Fax: (312) 775-8100**
**ssherry@mcandrews-ip.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on September 27, 2007, at San Diego, California.

Dated: September 27, 2007

By: /G. Peter Albert, Jr./
G. Peter Albert, Jr.
FOLEY & LARDNER
11250 El Camino Real, Suite 200
San Diego, California 92138
Tel:  (858) 847-6700
Fax: (858) 792-6773
Attorneys for Defendant
HEALTHFUSION, INC.