1   STEPHEN F. SHERRY (*admitted pro hac vice*)
    BRIAN C. BIANCO (*admitted pro hac vice*)
2   McANDREWS, HELD & MALLOY, LTD.
    500 W Madison St, 34th Floor
3   Chicago, IL 60661
    Telephone: 312.775.8000
4   Facsimile: 312.775.8100

5   IGOR SHOIKET (State Bar No. 190066)
    ALEXANDRA M. SEPULVEDA (State Bar No. 233216)
6   TOWNSEND AND TOWNSEND
    AND CREW, LLP
7   Two Embarcadero Center
    Eighth Floor
8   San Francisco, CA 94111
    Telephone: 415.576.0200
9   Facsimile: 415.576.0300

10  Attorneys for Plaintiff
    GRUNDFOS PUMPS
11  MANUFACTURING CORPORATION

12

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16  GRUNDFOS PUMPS                  )
    MANUFACTURING                   )   C. A. No. CV 07-04033 JL (JSW)
17  CORPORATION,                    )
                                    )
18      Plaintiff,                  )   **GRUNDFOS PUMPS
                                    )   MANUFACTURING CORP.'S REPLY
19          v.                      )   TO LAING THERMOTECH, INC.'S
                                    )   COUNTERCLAIMS**
20  LAING THERMOTECH, INC.          )
                                    )
21      Defendant.                  )   Judge: Honorable Jeffery S. White
                                    )
22                                  )

23          Plaintiff Grundfos Pumps Manufacturing Corporation ("Grundfos") hereby replies to the

24  Counterclaims of Defendant Laing Thermotech, Inc. ("Laing").

25          1.   Laing Thermotech, Inc. ("Laing") is a California corporation doing business in this

26  judicial district and has its principal place of business in Chula Vista, California.

27          **ANSWER:**   Admitted.

28

1      2.   Upon information and belief, Grundos Pumps Manufacturing Corporation

2   ("Grundfos") is a California corporation doing business in this judicial district, and has its

3   principal place of business in Fresno, California.

4          **ANSWER:**    Admitted.

5      3.   This is a Counterclaim for a declaration of non-infringement, patent invalidity, and

6   unenforceability under 28 U.S.C. § 2201.

7          **ANSWER:**    Grundfos admits that this Counterclaim is purportedly one for a declaration

8   of non-infringement, patent invalidity, and unenforceability under 28 U.S.C. § 2201, but denies

9   that Laing is entitled to such relief.

10     4.   This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and

11  1338(a).

12         **ANSWER:**    Admitted.

13     5.   This Court has personal jurisdiction over Grundfos.

14         **ANSWER:**    Admitted.

15     6.   Venue is proper within this district under 28 U.S.C. §§ 1391 and 1400(b).

16         **ANSWER:**    Admitted.

17                                **COUNT I**

18                   **(NON-INFRINGEMENT OF THE '528 PATENT)**

19     7.   Grundfos repeats and incorporates its responses to paragraphs 1 through 6 of this reply

20  as if fully set forth herein.

21     8.   Grundfos has asserted and continues to assert that Laing infringes claims of U.S.

22  Patent No. 7,073,528 ("the '528 patent").

23         **ANSWER:**    Admitted.

24     9.   An actual controversy exists between Laing and Grundfos with respect to whether

25  certain Laing products infringe the '528 patent.

26         **ANSWER:**    Admitted.

27

28

Grundfos' Reply to Laing's
Counterclaims                          -2-                    Case No. 07-4033

10. The accused Laing products do not infringe any valid and enforceable claim of the '528 patent either directly or indirectly. Laing therefore is entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the accused Laing products do not infringe the '528 patent.

**ANSWER:** Grundfos denies the allegations of paragraph 10 of Laing's Counterclaims. Grundfos denies that Laing products do not infringe any valid and enforceable claim of the '528 patent either directly or indirectly. Grundfos denies that Laing is entitled to a declaration of the Court that the accused Laing products do not infringe the '528 patent.

**COUNT II**

**(NON-INFRINGEMENT OF THE '464 PATENT)**

11. Grundfos repeats and incorporates its responses to paragraphs 1 through 10 of this reply as if fully set forth herein.

12. Grundfos has asserted and continues to assert that Laing infringes claims of U.S. Patent No. 6,536,464 ("the '464 patent").

**ANSWER:** Admitted.

13. An actual controversy exists between Laing and Grundfos with respect to whether certain Laing products infringe the '464 patent.

**ANSWER:** Admitted.

14. The accused Laing products do not infringe any valid and enforceable claim of the '464 patent either directly or indirectly. Laing therefore is entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the accused Laing products do not infringe the '464 patent.

**ANSWER:** Grundfos denies the allegations of paragraph 14 of Laing's Counterclaims. Grundfos denies that Laing products do not infringe any valid and enforceable claim of the '464 patent either directly or indirectly. Grundfos denies that Laing is entitled to a declaration of the Court that the accused Laing products do not infringe the '464 patent.

**COUNT III**

**(INEQUITABLE CONDUCT / UNENFORCEABILITY OF THE '528 PATENT)**

1    15. Grundfos repeats and incorporates its responses to paragraphs 1 through 14 of this

2    reply as if fully set forth herein.

3    16. Applicants for U.S. Patents and their representatives before the U.S. Patent and

4    Trademark Office are subject to a duty of candor, good faith, and honesty in their prosecution of

5    patent applications.

6    **ANSWER:**    The allegations of paragraph 16 are legal conclusions to which no answer

7    is required or made.

8    17. Upon information and belief, Miller Energiesparsysteme is a German company with a

9    principal place of business at Schwalbenstr. 32, D-71263 Weil der Stadt, Germany.

10    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

11    the truth of the allegations of this paragraph, which allegations are therefore denied.

12    18. Upon information and belief, Miller Engergiesparsysteme, among other things,

13    designs and sells water distribution systems for supplying water to various fixtures at different

14    temperatures through different pipe systems.  These waters distribution systems incorporate a

15    water pump and bypass valve.

16    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

17    the truth of the allegations of this paragraph, which allegations are therefore denied.

18    19. Upon information and belief, Grundfos is a wholly owned subsidiary of Grundfos

19    Management A/S, Poul Due Jensens, Vej 7, 8850 Bjerringbro, Denmark.

20    **ANSWER:**    Admitted.

21    20. Upon information and belief, Deutsche Vortex GmbH & Co. KG ("Vortex") is a

22    German company with a principal place of business at Kästnerstr. 6, D-71642 Ludwigsburg,

23    Germany.

24    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

25    the truth of the allegations of this paragraph, which allegations are therefore denied.

26    21. Upon information and belief, Vortex is a Grundfos Management A/S owned national

27    subsidiary company.

28

Grundfos' Reply to Laing's
Counterclaims                    -4-                    Case No. 07-4033

1    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of this paragraph, which allegations are therefore denied.

3        22. Upon information and belief, Vortex supplies, among other things pumps, to Miller

4    Energiesparsysteme for use in Miller Energiesparsysteme's water distribution systems.

5    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

6    the truth of the allegations of this paragraph, which allegations are therefore denied.

7        23. Upon information and belief, Bernhard Miller is the owner of Miller

8    Energiesparsysteme.

9    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

10    the truth of the allegations of this paragraph, which allegations are therefore denied.

11        24. Bernhard Miller is the inventor of certain water control valve and pump technology.

12    This technology was conceived of and reduced to practice well before the filing date of the '528

13    patent or the '464 patent.  This technology ("the Prior Art Miller Technology") was described and

14    claimed, in part, in the following patent publications ("the Miller References");

15            A.  German Patent Publication No. DE 197 12 051 A1, filed March 22, 1997,

16    and published on September 24, 1998.

17            B.  German Patent Publication No. DE 297 18 257 U1, filed October 16, 1997,

18    and published on July 23, 1998.

19            C.  PCT Patent Publication No. WO 98/43143, filed March 23, 1998, claiming

20    priority to DE 197 12 051 A1 and DE 297 18257 U1, published on October 1, 1998.

21            D.  European Patent Publication No. EP 1 018 063 B1, EP national stage

22    application based on WO 98/43143, published on July 12, 2000, issued as European Patent No.

23    EP 1 018 063 B1.

24            E.  Austrian Patent No. AT268020T T, issued on June 16, 2004.

25            F.  German Patent No. DE 59811478D D1, issued on July 1, 2004.

26    **ANSWER:**    Grundfos lacks knowledge or information sufficient to form a belief as to

27    the truth of the allegations of this paragraph, which allegations are therefore denied.

28

Grundfos' Reply to Laing's
Counterclaims                              - 5 -                              Case No. 07-4033

1    25. Upon information and belief, Grundfos had knowledge of the Prior Art Miller

2    Technology, as well as the Miller References during the prosecution of the '528 patent based on

3    its relationship with Miller Energiesparsysteme through related company Vortex.

4        **ANSWER:**    Denied.

5        26. Once Grundfos became aware of the Miller References and the Miller Prior Art

6    Technology, Grundfos was obligated to disclose those materials to the U.S. Patent and Trademark

7    Office.

8        **ANSWER:**    Denied.

9        27. Grundfos failed to disclose the existence of the Miller References and the Miller Prior

10   Art Technology to the U.S. Patent and Trademark Office during the prosecution of the '528

11   patent.

12       **ANSWER:**    Denied.

13       28. Upon information and belief, Grundfos' failure to disclose the Miller References and

14   Miller Prior Art Technology to the U.S. Patent and Trademark Office was intentional.

15       **ANSWER:**    Denied.

16       29. The misrepresentations relating to Grundfos' failure to disclose the Miller References

17   and the Miller Prior Art Technology to the U.S. Patent and Trademark Office were material.

18       **ANSWER:**    Denied.

19       30. Grundfos thus violated the duty of candor and good faith required by 37 C.F.R. § 1.56

20   and the '528 patent is unenforceable.

21       **ANSWER:**    Denied.

22                                **COUNT IV**

23        **(INEQUITABLE CONDUCT / UNENFORCEABILITY OF THE '464 PATENT)**

24       31. Grundfos repeats and incorporates its responses to paragraphs 1 through 30 of this

25   reply as if fully set forth herein.

26

27

28

Grundfos' Reply to Laing's
Counterclaims                      -6-                          Case No. 07-4033

1       32. Applicants for U.S. Patents and their representatives before the U.S. Patent and

2    Trademark Office are subject to a duty of candor, good faith, and honesty in their prosecution of

3    patent applications.

4       **ANSWER:**    The allegations of paragraph 32 are legal conclusions to which no answer

5    is required or made.

6       33. Upon information and belief, Grundfos had knowledge of the Miller References and

7    the Miller Prior Art Technology during the prosecution of the '464 patent based on its

8    relationship with Miller Energiesparsysteme through related company Vortex.

9       **ANSWER:**   Denied.

10       34. Once Grundfos became aware of the Miller References and the Miller Prior Art

11    Technology, Grundfos was obligated to disclose those materials to the U.S. Patent and Trademark

12    Office.

13       **ANSWER:**   Denied.

14       35. Grundfos failed to disclose the existence of the Miller References and the Miller Prior

15    Art Technology to the U.S. Patent and Trademark Office during the prosecution of the '464

16    patent.

17       **ANSWER:**   Denied.

18       36. Upon information and belief, Grundfos' failure to disclose the Miller References and

19    Miller Prior Art Technology to the U.S. Patent and Trademark Office was intentional.

20       **ANSWER:**   Denied.

21       37. The misrepresentations relating to Grundfos' failure to disclose the Miller References

22    and the Miller Prior Art Technology to the U.S. Patent and Trademark Office were material.

23       **ANSWER:**   Denied.

24       38. Grundfos thus violated the duty of candor and good faith required by 37 C.F.R. § 1.56

25    and the '464 patent is unenforceable.

26       **ANSWER:**   Denied.

27

28

## COUNT V

### (INVALIDITY OF THE '528 PATENT)

39. Grundfos repeats and incorporates its responses to paragraphs 1 through 38 of this reply as if fully set forth herein.

40. An actual controversy exists between Laing and Grundfos with respect to the validity of the '528 patent.

**ANSWER:**    Admitted.

41. The '528 patent at issue, and more particularly the claims of the '528 patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in 35 U.S.C., including but not limited to Sections 102, 103, and/or 112.  In particular, the '528 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology, as well as U.S. Patent No. 2,842,155.  Laing is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201, that the asserted claims of the '528 patent are invalid.

**ANSWER:**    Denied.

## COUNT VI

### (INVALIDITY OF THE '464 PATENT)

42. Grundfos repeats and incorporates its responses to paragraphs 1 through 41 of this reply as if fully set forth herein.

43. An actual controversy exists between Laing and Grundfos with respect to the validity of the '464 patent.

**ANSWER:**    Admitted.

44. The '464 patent at issue, and more particularly the claims of the '464 patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more of the requirements set forth in 35 U.S.C., including but not limited to Sections 102, 103, and/or 112.  In particular, the '464 Patent is invalid as anticipated by, and/or obvious in view of, among other prior art, the Miller References and the Miller Prior Art Technology, as well as U.S. Patent No.

1    2,842,155. Laing is therefore entitled to a declaration of the Court, pursuant to 28 U.S.C. § 2201,

2    that the asserted claims of the '464 patent are invalid.

3    **ANSWER:**    Denied.

4                        **REPLY TO LAING'S PRAYER FOR RELIEF**

5    Grundfos denies that Laing is entitled to any of the relief prayed for in Laing's Answer,

6    Affirmative Defenses, and Counterclaims.

7                                    **PRAYER**

8    WHEREFORE, Grundfos prays for entry of judgment:

9    A.    Dismiss with prejudice Laing's Counterclaims, and deny all forms of relief

10                requested thereunder;

11   B.    Award Grundfos its costs and expenses of this action as allowed by law, together

12                with its attorney fees for defending against Laing's Counterclaims;

13   C.    Award to Grundfos such other and further relief as the Court may deem just and

14                proper.

15

16                                    Respectfully submitted,

17                                    McANDREWS, HELD & MALLOY, LTD.

18

19                                    By:  /s/ Stephen F. Sherry
                                          STEPHEN F. SHERRY
20                                        Attorneys for Plaintiff
                                          GRUNDFOS PUMP MANUFACTURING
21                                        CORPORATION

22

23

24

25

26

27

28

**GRUNDFOS PUMPS MANUFACTURING CORP. v. LAING THERMOTECH, INC.**

**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
CASE NO. CV 07-04033 JL (JSW)**

**CERTIFICATE OF SERVICE**

I, Kristin Juliar certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

**GRUNDFOS PUMPS MANUFACTURING CORP.'S REPLY TO LAING THERMOTECH, INC.'S COUNTERCLAIMS**

via personal service, overnight courier (Via Federal Express), facsimile or first class mail, as indicated below:

*Attorneys for Defendant*

G. Peter Albert Jr.
Foley & Lardner, LLP
11250 El Camino Real
Suite 200
San Diego, CA 92130

palbert@foley.com

**Via Overnight Courier & E-mail**

Executed on October 11, 2007, in Chicago, Illinois

Kristin Juliar

Grundfos' Reply to Laing's
Counterclaims

-10-

Case No. 07-4033