1 | Stephen F. Sherry *(pro hac vice)*
  | Brain C. Bianco *(pro hac vice)*
2 | MCANDREWS, HELD & MALLOY, LTD.
  | 500 West Madison Street, 34th Floor
3 | Chicago, Illinois 60661
  | Telephone: (312) 775-8000
4 | Facsimile: (312) 775-8100

5 | Igor Shoiket (190066)
  | TOWNSEND AND TOWNSEND AND CREW LLP
6 | Two Embarcadero Center, 8th Floor
  | San Francisco, California 94111
7 | Telephone: (415) 576-0200
  | Facsimile: (415) 576-0300

8 | Counsel for Plaintiff Grundfos Pumps
9 | Manufacturing Corporation

10 | G. Peter Albert, Jr. (211248)
   | FOLEY & LARDNER LLP
11 | 11250 El Camino Real
   | Suite 200
12 | San Diego, California 92130
   | Telephone: 858-847-6700
13 | Facsimile: 858-792-6773

14 | Counsel for Defendant Laing Thermotech, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| GRUNDFOS PUMPS PUMPS MANUFACTURING CORP., | Case No. C-07-4033 JSW |
|---|---|
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER (1) ENTERING PRELIMINARY INJUNCTION and (2) NINETY DAY STAY** |
| LAING THERMOTECH, INC., | |
| Defendant. | Hon. Jeffrey S. White |

1    Pursuant to Northern District Civil Local Rules 7-1(a)(5) and 7-12, as well as
2 Fed.R.Civ.P. 65, Plaintiff, Grundfos Pumps Manufacturing Corporation
3 ("GRUNDFOS"), and defendant, Laing Thermotech, Inc. ("LAING"), jointly submit
4 this stipulation requesting an Order from this Court (1) entering a preliminary
5 injunction and (2) staying this litigation for ninety (90) days while the parties pursue
6 efforts to settle this matter.

## BACKGROUND

This is a patent infringement action commenced on August 6, 2007 by GRUNDFOS against defendant LAING involving two patents. The patents-in-suit relate generally to water control valves and pumps for use in home or industrial water distribution systems that supply water to various fixtures at different temperatures through different pipe systems. More specifically, the patented technology relates to such water control valves that are adaptable for use with a pump and bypass valve so as to bypass cold or tepid water away from the associated fixture until it reaches the desired temperature.

LAING manufactures, uses, sells, and offers for sale in the United States its AUTOCIRC2 SYSTEM which incorporates a water pump and bypass valve combination, and provides installation and operating instructions to purchasers of that system. GRUNDFOS alleges that the LAING AUTOCIRC2 SYSTEM infringes the patents in suit.

LAING has answered the complaint and served a counterclaim. GRUNDFOS has replied to the LAING counterclaim.

GRUNDFOS and LAING are presently exploring various options for resolving their dispute and settling this matter.

1   Pursuant to Fed.R.Civ.P. 26(f) and this Court's "Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement" (filed August 10, 2007 (Doc. 8)), the parties are currently obligated to:

(1) Conduct a Rule 26(f) Conference no later than October 25, 2007;

(2) Submit a Joint Case Management Conference Statement to the Court no later than November 9, 2007; and

(3) Appear before the Court for the Initial Case Management Conference on November 16, 2007 at 1:30 pm.

## STIPULATION REGARDING PRELIMINARY INJUNCTION

**IT IS HEREBY STIPULATED,** by and between the parties, and through their respective attorneys of record that:

(1) this Court shall issue a preliminary injunction ordering that defendant LAING along with its directors, officers, employees, successors, and assigns, are restrained, enjoined and prohibited from further manufacturing, importing, using, selling, and/or offering for sale the AUTOCIRC2 water pump and bypass valve system in the United States, however LAING's wholesalers, distributors, resellers, and other entities in the distribution chain are allowed to resell and otherwise dispose of the AUTOCIRC2 products which had already left LAING's possession prior to the effective date of this preliminary injunction;

(2) the preliminary injunction shall be effective seven (7) calendar days following the date of the order entered by this Court;

(3) the preliminary injunction shall remain in effect for the duration of this case, unless otherwise dissolved by written agreement of the parties or further judicial order; and

(4) the parties further agree that security as specified by Fed.R.Civ.P. 65(c) is not necessary nor required for the issuance of the stipulated preliminary injunction order.

## STIPULATION REGARDING NINETY DAY STAY

**IT IS HEREBY STIPULATED,** by and between the parties, and through their respective attorneys of record that:

(1) subject to approval by this Court, this litigation should be stayed for the next ninety (90) days while the parties pursue further settlement discussions; and

(2) GRUNDFOS shall have the right to request that this stay be lifted immediately should LAING violate the Court's preliminary injunction order.

| | |
|---|---|
| Dated: October 26, 2007 | Dated: October 26, 2007 |
| Respectfully submitted, | Respectfully submitted, |
| /s/ Stephen F. Sherry | /s/ G. Peter Albert, Jr. |
| Stephen F. Sherry<br>MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street<br>34th Floor<br>Chicago, Illinois 60661<br>Telephone: (312) 775-8000<br>Facsimile: (312) 775-8100 | G. Peter Albert, Jr. (211248)<br>FOLEY & LARDNER LLP<br>11250 El Camino Real<br>Suite 200<br>San Diego, California 92130<br>Telephone: 858-847-6700<br>Facsimile: 858-792-6773 |
| Igor Shoiket (190066)<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, California 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300 | |
| Atttorneys for Plaintiff<br>Grundfos Pumps Mfg. Corp. | Attorney for Defendant<br>Laing Thermotech, Inc. |

## [~~PROPOSED~~] ORDER

Pursuant to Stipulation and Fed.R.Civ.P. 65,

(1) defendant LAING along with its directors, officers, employees, successors, and assigns, are preliminarily restrained, enjoined and prohibited from further manufacturing, importing, using, selling, and/or offering for sale the AUTOCIRC2 water pump and bypass valve system in the United States, however LAING's wholesalers, distributors, resellers, and other entities in the distribution chain are allowed to resell and otherwise dispose of the AUTOCIRC2 products which had already left LAING's possession prior to the effective date of this preliminary injunction;

(2) the preliminary injunction shall be effective seven (7) calendar days following the date of this order;

(3) the preliminary injunction shall remain in effect for the duration of this case, unless otherwise dissolved by written agreement of the parties or further judicial order;

(4) security as specified by Fed.R.Civ.P. 65(c) is not necessary nor required for the issuance of the stipulated preliminary injunction order;

(5) this litigation is stayed for ninety (90) days following the date of this order while the parties pursue further settlement discussions; and

(6) GRUNDFOS shall have the right to request that this stay be lifted immediately should LAING violate the Court's preliminary injunction order.

IT IS SO ORDERED,

Dated: October 26, 2007

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

(7) Unless the Court receives a stipulation of dismissal beforehand, the parties shall file a joint status report ninety (90) days from entry of this Order informing the Court of the status of the matter.

**STIPULATION AND [~~PROPOSED~~] ORDER (1) ENTERING PRELIMINARY INJUNCTION AND (2) NINETY DAY STAY**
CASE NO. C-07-0433 JSW

1